**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Vasquez,<br><br>    Plaintiff,<br><br>vs.<br><br>Ameriprise Insurance Company,<br><br>    Defendant. | No. CIV 19-536-TUC-CKJ<br><br>ORDER |

    Pending before the Court is a Motion and Application for Attorneys' Fees and Taxable Costs (Doc. 23) filed by Defendant Ameriprise Insurance Company ("Ameriprise"). Plaintiff Maria Vasquez ("Vasquez") has filed a response (Doc. 24).

I. *Factual and Procedural History*

    On or about December 31, 2018, Vasquez's polybutylene plumbing system ruptured causing water damage to Vasquez's residence. At the time, Vasquez was insured by Ameriprise under policy number HI01975533 ("the Policy") which covered Vasquez's residence. After learning that the pipes were considered defective and could cause more problems at a later time, Vasquez decided to replace the entire plumbing system, including portions that were not leaking. Vasquez subsequently filed an insurance claim seeking to cover the entire tear-out expenses claiming that tearing out the entire system was necessary to repair the system. Ameriprise denied coverage of the claim to which Vasquez filed a

complaint against Ameriprise alleging breach of contract and breach of Ameriprise's duty of good faith and fair dealing with Vasquez.

Ameriprise's subsequent Motion for Summary Judgment was granted March 31, 2021, Order (Doc. 21).  The Court found "the plain and ordinary meaning" of the Policy's exclusions applied.  Specifically, because Exclusion 3 made clear Ameriprise did not cover losses caused directly or indirectly from defective construction or materials, Exclusion 3 precluded coverage.  Further, even if Exclusion 3 was not applicable, Exclusion 4's "plain and ordinary meaning" of repair resulted in the exclusion of Vasquez's claim.

Ameriprise timely filed a Motion/Application for Attorneys' Fees and Taxable Costs (Doc. 23), pursuant to A.R.S. §12-341.01, seeking $21,858.50.  Vasquez replied (Doc. 24) that the costs seem appropriate but asks the Court to consider the financial disparities between the parties and that both parties pay their own legal fees.

II. *Legal Standard – Attorney Fees, Non-Taxable and Taxable Costs*

Under Arizona law, a court may award reasonable attorney fees to a successful party in any actions arising out of a contract.  See Ariz. Rev. Stat. Ann. §12-341.01(A). A party will be deemed successful where they obtain relief following a summary judgment in their favor. *See True Ctr. Gate Leasing, Inc. v. Gate, L.L.C.*, 427 F. Supp. 2d 946 (D. Ariz. 2008). However, "there is no presumption that a successful party should be awarded attorney fees under §12-341.01." *Motzer v. Escalante*, 228 Ariz. 295, 296 (Ct. App. 2011). Therefore, A.R.S §12-341.01 affords a court substantial discretion when deciding whether or not to award attorney fees. *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985); *Harris v. Maricopa County Superior Court*, 631 F.3d 963 (9th Cir. 2010). The award "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." Ariz. Rev. Stat. Ann. §12-341.01 (B). Attorney fees incurred in preparing the motion and application for attorney fee awards are also recoverable. *See Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*, 380 F.Supp.2d 1084, 1101 (D. Ariz. 2005).

1  To determine whether to grant or deny an award for attorney fees pursuant to A.R.S. § 12-341.01, a court will consider the factors established by *Associated Indem. Corp. v. Warner*, 143 Ariz. 567 (1985), which include:

> (1) the merits of the claim or defense presented by the unsuccessful party; (2) the novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction; (3) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (4) whether assessing fees against the unsuccessful party would cause extreme hardship; (5) whether the successful party prevailed full or partial relief; (6) whether awarding fees would discourage future litigants from bringing tenable claims or defenses from litigating or defending legitimate contract issues, for fear of incurring liability for substantial amounts of attorney's fees.

*Associated Indem. Corp.*, 143 Ariz. at 570. No one factor is determinative in the Court's decision. *See Motzer*, 228 Ariz. at 296.

"Once the decision to award attorney's fees has been made, subsection B of the statute grants the trial court broad discretion in determining the amount of the award." *Marcus v. Fox*, 150 Ariz. 333, 334 (1986). The amount awarded "need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." *Id*. To determine a "reasonable amount," courts utilize the *Associated Indemnity* factors as well as the factors listed in Local Rule 54.2(c)(3) to determine an award amount. *See e.g. Thompson v. Dignity Health*, No. CV-17-01607-PHX-ROS, 2020 WL 353659, at *3-4 (D. Ariz. Jan. 21, 2020) (discussing the various factors to determine reasonable amount). "The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated." LRCiv. 54.2(e)(2). A court must consider whether the submitted task-time sheet provides a sufficient description of the task for a court to understand what was performed and whether the time spent on the task was reasonable or not. *See Schweiger v. China Doll Restaurant*, 138 Ariz. 183, 188-89 (Ct. App. 1983). Generally, courts have found that the agreed upon rates between the client and the attorney are "the best indicator of what reasonable fees under the circumstances of [a] particular case. *Id* at 188.

III. *Application of Factors Pursuant to Associated Indemnity*

This case involved a dispute arising directly out of an expressed insurance contract as to whether the plain language of the policy's exclusions applied to Vasquez's claim regarding the tearing out of her entire polybutylene pipe system. As such, Ameriprise was successful in achieving full relief against Vasquez following the Court's ruling on Ameriprise's summary judgment and is thus entitled to an award of attorney fees pursuant to A.R.S. §12-341.01.

A.   *Factors*

First, the Court finds that Vasquez's claims were not well taken. Vasquez asserted through her expert that the polybutylene pipes are recognized as defective and that this motivated her to tear out the entire system, including undamaged pipes, to avoid possible future ruptures. (Doc. 18). This admission is against the "plain and ordinary" meaning of the Policy's scope of coverage, namely Exclusion 3, which excludes coverage of "faulty, inadequate or defective" materials. (Doc. 17-1 at 19). Additionally, Vasquez's motivation to tear out and replace the entire system to avoid future possible leaks, although prudent, was not covered in Exclusion 4 which limited the scope of coverage to tear-out costs "necessary to repair the system." *Id*. The Court finds that because there was no ambiguity as to the plain and ordinary language of the insurance contract and its exclusions, Vasquez's claims, although not frivolous, were meritless. *See generally Thompson*, 2020 WL 353659, at *3 (D. Ariz. 2020) (after the court's previous finding that defendant did not breach "the plain terms of the employee contract," the court determined that plaintiff's claims were not meritorious when deciding whether to award attorney fees).

Second, the legal question in this case was relatively novel. Polybutylene pipes are well known throughout the insurance industry as being uninsurable and usually excluded from coverage. A similar issue was raised in *Guadiana v. State Farm Fire & Cas. Co.*, No. CIV 07-326 TUC FRZ, 2012 WL 243737, at *1 (D. Ariz. Jan. 25, 2012), report and recommendation adopted, No. 07-326-TUC-FRZ-LAB, 2012 WL 4361412 (D. Ariz. Sept.

- 4 -

25, 2012). In that case the court found that the policy was ambiguous in terms of "necessary to repair." Here, however, Ameriprise's policy differs from the State Farm policy by including an "anti-concurrent clause" which unambiguously delineates Vasquez's coverage. (Doc. 21). Because the Policy in this case did have such exclusion, ambiguity was resolved. In other words, the legal issue in this case was straightforward. Nonetheless, the *Guadiana* case could reasonably have elevated the ambiguity as to the application of the exclusion.

Third, neither party mentions whether there were settlement efforts between them. However, as the issue in this case appears to be to determine the applicability of *Guadiana*, the Court finds it is not likely the litigation could have been avoided.

Fourth, Vasquez has not shown that assessing attorney fees against her would cause extreme hardship. Vasquez's counsel asks the Court to consider the financial disparity between the two parties but provides no evidence of Vasquez's financial situation. *See e.g., Rudinsky v. Harris*, 231 Ariz. 95, 102, (App. 2012) ("[T]he party asserting financial hardship has the burden of coming forward with prima facie evidence of financial hardship," by "present[ing] specific facts by affidavit or testimony."), *citation omitted*; *but see Haller v. Wells Fargo Bank NA*, No. CV 11-01381-PHX-FJM, 2011 WL 6820196, at *2 (D. Ariz. Dec. 28, 2011) (attorney fee award reduced because of presumed hardship). Therefore, the Court finds this factor is neutral in determining whether an award is appropriate.

Fifth, Ameriprise has received full relief on all the claims sought against them following the favorable summary judgement.

Sixth, Vasquez's attorney does not argue that awarding fees in this matter would discourage future litigants from tenable claims or from litigating legitimate contract disputes. However, as this was a relatively novel issue and the reach of *Guadiana* may have been questioned, the Court finds this factor weighs in favor of denying attorneys' fees.

B.   *Consideration of Factors*

Although the Court finds the merits of Vasquez's claim were weak, a basis for the legal argument was conceivable in light *Guadiana*. However, the issue had been litigated

previously with the overwhelming authority in contravention of Vasquez's argument, with Ameriprise obtaining full relief. Although the Court considers it likely Vasquez would suffer a hardship, relative to Ameriprise, should attorneys' fees be awarded, the Court does not consider this as no evidence to support this claim has been presented. Lastly, the Court finds an award may discourage future litigants.

Balancing these factors, the Court finds an award of attorneys' fees is appropriate. Accordingly, the Court shall grant attorney fees for Ameriprise pursuant to A.R.S §12-341.01.

IV. *Reasonable Amount*

After determining an award of attorneys' fees is appropriate, a court must then determine the reasonable amount to award. LRCiv 54.2(c)(3). This rule states various factors bear on the reasonableness of a requested award, including, but not limited to, the following:

> (A) The time and labor required of counsel; (B) The novelty and difficulty of the questions presented; (C) The skill requisite to perform the legal service properly; (D) The preclusion of other employment by counsel because of the acceptance of the action; (E) The customary fee charged in matters of the type involved; (F) Whether the fee contracted between the attorney and the client is fixed or contingent; (G) Any time limitations imposed by the client or the circumstances; (H) The amount of money, or the value of the rights, involved, and the results obtained; (I) The experience, reputation and ability of counsel; (J) The "undesirability" of the case; (K) The nature and length of the professional relationship between the attorney and the client; (L) Awards in similar actions; and (M) Any other matters deemed appropriate under the circumstances.

LRCiv 54.2(c)(3). Vasquez states, "The billings submitted appear to be appropriate and in order." Response (Doc. 24, p.1). The Court agrees with Vasquez, but finds it appropriate to also consider that, because the weighing of the *Associated Indemnity* was fairly even, the award should be reduced.

The Court finds an award of attorneys' fees in the amount of $14,000.00 is appropriate in light of *Associated Indemnity* and the local rule.

Accordingly, IT IS ORDERED:

1. The Motion and Application for Attorneys' Fees and Taxable Costs (Doc. 23) is GRANTED IN PART AND DENIED IN PART. Ameriprise is awarded $14,000.00 in attorneys' fees to be paid by Vasquez.

2. The Clerk of Court shall enter judgment in favor of Ameriprise and against Vasquez in the amount of $14,000.00 for attorneys' fees.

DATED this 14th day of March, 2022.

Cindy K. Jorgenson
United States District Judge